# SUPREME JUDICIAL COURT

FOR THE COUNTY OF

# OXFORD.

*MAY TERM,*

1826.

---

## GIBSON *vs.* WATERHOUSE.

In an action for a malicious prosecution, the want of probable cause is a material allegation ; the omission of which is not cured by a verdict for the plaintiff, nor supplied by an allegation that the prosecution was unjust.

IN this case the defendant was charged, in the first count in the declaration, with having maliciously, and without probable cause, prosecuted the plaintiff and caused him to be arrested and brought before a magistrate, on a false and groundless charge of common barratry, and of corruption and fraud in his office of deputy sheriff; of which he was discharged by the magistrate, on the preliminary examination.

The second count was copied, in substance, from the form *No.* 10, in *Amer. Prec. decl. p.* 208, and was in these words ;—" Also for that the said defendant, at the court of Common Pleas begun and held at Paris, within and for the county of *Oxford*, on, &c. ; caused a certain bill of indictment to be drawn up against the plaintiff, charging him with being a common disturber of the peace, and oppressor of his neighbors, and stirrer up of strife among them, and with being a common barrator, moving and ex-

citing suits between his neighbors ; and caused the same to be laid before the grand jury for the body of said county ; which, by reason of the plaintiff's innocence, the grand jury aforesaid re-turned ' we are ignorant ;' by all which unjust prosecution of the said defendant, the plaintiff was put to great costs"—&c.

The third count was a general charge of verbal slander, in ac-cusing the plaintiff of barratry, extortion and oppression, and charging him with being a common exciter of suits, and strife among his neighbors. Of all these offences, the plaintiff, in the preamble to the first count, alleged himself innocent and unsus-pected.

After a trial upon the general issue, before *Preble J.* at the last *August* term, upon the general issue, and a verdict for the plaintiff on each count, with a general assessment of damages ; the defendant moved in arrest of judgment, assigning several causes, of which that principally relied upon was, that in the second count, it was not alleged that the indictment therein men-tioned was preferred without good and probable cause therefor.

*Greenleaf* and *D. Goodenow*, for the plaintiff, being called upon by the court to support the verdict upon the second count, argued that this count, in essence, was not a charge of malicious prose cution, but of slander. It charged the defendant with having caused an indictment to be drawn, and laid before the grand jury ; but no prosecution could be said to be commenced till the indict-ment was certified to be a true bill ; which in this case was never done. Prior to that time, the paper, if false, was only written slander ; and therefore an allegation of the want of probable cause was superfluous. Had this count not been inserted in the decla-ration, yet the facts set forth in it might have been given in evi-dence under the third count, either in direct proof, or in aggra-vation of damages.

No evidence, however, was offered at the trial, exclusively applicable to the second count ; as that count, and the third were substantially for the same cause of action ; and the ground of the motion in arrest of judgment may be removed by the judge's cer-tificate of this fact. *Barnard v. Whiting & al. 7 Mass. 358.*

*Patten v. Gurney* 17 *Mass.* 187. If this cannot be had, yet after verdict the court will presume that all such facts were proved as are necessary to support the finding of the jury.

But admitting the count to be incurably bad ; yet as there are good counts sufficient to justify the verdict, and the plaintiff has prevailed upon a trial of the merits, it will not be necessary wholly to deprive him of this remedy by arresting the judgment; as the offensive count may be removed, under leave to amend, after a *venire de novo* is awarded.

*Fessenden,* for the defendant, in support of the motion, replied that the want of probable cause was the ground of this kind of action ; and that whatever was the gist of the action must be alleged in the writ, as well as proved at the trial. 2 *Dane's Abr.* 722. *Little v. Thompson.* 2 *Greenl.* 228. But if any judgment be rendered upon this record, it will amount to a decision that it is not necessary to allege the want of probable cause, and of course not necessary to shew it at the trial, in any action for malicious prosecution.

Neither can the facts alleged in the second count be shewn under the third ; for they relate to a transaction before the grand jury, which in its nature was secret, and which took place in the due course of legal proceedings, and therefore was not slanderous.

MELLEN C. J. at the ensuing term in *Lincoln,* delivered the opinion of the court, as follows.

The writ in this action contains three counts ; and the jury have found " the defendant guilty in manner and form as the plaintif has alleged in each count in his writ," and assessed entire damages. The motion in arrest of judgment, is grounded upon the idea that the second count is totally defective. If either count is bad, the judgment must be arrested, unless the alleged defect has been cured by the verdict. The authorities are clear on this point. *Trevor v. Wall* 1 *D. & E.* 151. *Hancock v. Hay-*

*wood* 3 *D. & E.* 435. *Holt v. Scholfield* 6 *D. & E.* 691. 2 *Chit. Plead.* 171, *b.* Indeed this point is not contested by the plaintiff's counsel. As to the second count, there can be no question that it would have been bad on demurrer. To this point may be cited, 2 *Chit. Pl.* 242, 248, 249. *Sutton v. Johnson* 1 *D. & E.* 544. *Reynolds v. Kennedy* 1 *Wils.* 232. *Farmer v. Darling* 4 *Burr.* 1974. But it has been argued that although the second count might have been bad on demurrer, it is good after verdict ; and that the court must intend that every thing was proved, essential to the maintenance of the action. This subject was, in some degree, examined by this court in the case of *Little v. Thompson* 2 *Greenl.* 228. We now observe further that in an action for a malicious prosecution, the want of probable cause is all important; is essential and indispensable; as appears by the authorities last cited ; and we are not aware that the omission of what is absolutely essential to the maintenance of an action, can ever be cured by verdict. The authorities on this head are numerous. The principle is laid down in precise language in 1 *Chitty's Pleadings* 228, *e.* in these words—" But still, " if the plaintiff either states a defective title, or totally omits " to state any title or cause of action, a verdict will not cure " such defects, either by the common law or by the statutes of " jeofails ; for the plaintiff need not prove more than what is " expressly stated." The following cases support this principle, *Rushton v. Aspinall Dougl.* 679. *Avery v. Hoole Cowp.* 825. *Buxendin v. Sharp* 2 *Salk.* 642. *Spieres v. Parker* 1 *D. & E.* 141. *Bishop v. Hayward* 4 *D. & E.* 472. In *Rushton v. Aspinall*, which was an action against an indorser of a bill of exchange, there was no averment of a demand on the acceptor, and of notice to the defendant. This was fatal after verdict. And in the above case of *Buxendin v. Sharp*, which was an action for keeping an unruly and mischievous bull, there was no averment of a *scienter* on the part of the defendant. This was not cured by the verdict. On this point, we again refer to *Little v. Thompson*, and the cases there cited. At the argument it was intimated that a certificate of Mr. Justice *Preble*, before whom the cause was tried, but who was not then present, would remove the ob-

jections made by the defendant's counsel, by shewing that no proof was offered as to the second count. On consulting him, however, no such certificate could be furnished. Indeed, the verdict, in its peculiar terms, seems to preclude every supposition of the kind suggested. Even if the evidence at the trial was not sufficient to prove the second count, as was suggested by the plaintiff's counsel in the argument, still that circumstance would not be of any importance on a motion in arrest of judgment. Though it would be proper for consideration on a motion for a new trial, on the ground that a verdict is against evidence.

We consider the motion of the defendant, as well sustained ; and accordingly the judgment must be arrested.